UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANCHEZ MARTIN,

Plaintiff,

v.                                           CAUSE NO. 3:25-CV-927-PPS-JEM

MAGISTRATE JUDGE ARIC J.
RUTKOWSKI, *et al.*,

Defendants.

<u>OPINION AND ORDER</u>

Sanchez Martin, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28

U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. To proceed beyond the

pleading stage, a complaint must contain sufficient factual matter to "state a claim that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009). Because Martin is proceeding without counsel, his

allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Martin alleges Magistrate Judge Aric J. Rutkowski and Prosecutor Sarah B.

Troyer were "involved in an improper sexual affair from May of 2022 through May of

2025." ECF 1 at 2. His criminal case was pending before the court during that time. He

claims Director Machowiak found out about the affair and investigated it. He states,

"Due to the illicit activity a conspiracy was entered into and plans made, then executed,

to remove my person from society by means of a criminal conviction, thus violating my

Sixth and Fourteenth Amendment rights." *Id*. He provides zero additional details about

the actions of the defendants, the underlying case itself (including the case number and

whether his conviction has been overturned), or why he believes his constitutional

rights were violated.

Martin's complaint suffers from multiple deficiencies. To begin, his allegations

are simply too sparse to state a plausible claim. *See Swanson v. Citibank, N.A.*, 614 F.3d

400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper

that, in the hands of an imaginative reader, *might* suggest that something has happened

to her that *might* be redressed by the law.") (emphasis in original)); *see also Beaman v.*

*Freesmeyer*, 776 F.3d 500, 510–11 (7th Cir. 2015) (describing elements of conspiracy and

noting that evidence of it "cannot be speculative").

Next, although Martin's allegations are too vague to determine his precise

claims, I note there are limits on the types of violations 42 U.S.C. § 1983 covers and on

the people or entities that may be sued. *See, e.g., Jones v. Cummings*, 998 F.3d 782, 787–88

(7th Cir. 2021) (prosecutors are "absolutely immune" for activities associated with "core

prosecutorial functions" even if they engaged in "unlawful rogue conduct"); *Cannon v.*

*Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("defendants whom he sued are entitled to

immunity, having acted either as lawyers for the state or in a judicial capacity"); *Polzin*

*v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction.").

Finally, even if Martin had some sort of plausible malicious prosecution or conspiracy type claim—a finding I do not reach—it would still be barred unless his conviction is no longer valid. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid); *see also Thompson v. Clark*, 596 U.S. 36, 44 (2022) (federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 require that the prosecution was terminated in favor of the accused) (citing *Heck*, 512 U.S. at 484-85).

Thus, this complaint does not state a claim for which relief can be granted. Although it appears unlikely he will be able to state a viable claim, if Martin believes he can based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Accordingly:

(1) Sanchez Martin is GRANTED until **December 18, 2025**, to file an amended complaint; and

(2) Sanchez Martin is CAUTIONED that if he does not do so by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

ENTERED: November 17, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT