UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANCHEZ MARTIN,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-927-PPS-JEM

MAGISTRATE JUDGE ARIC J.
RUTKOWSKI, *et al.*,

    Defendants.

OPINION AND ORDER

Sanchez Martin, a prisoner without a lawyer, was granted until December 18, 2025, to file an amended complaint in response to my screening order. *See generally* ECF 4. He was cautioned that if he didn't do so by the deadline, his case would be dismissed without further notice pursuant to 28 U.S.C. § 1915A because his complaint failed to state any claims for which relief could be granted. *Id*. at 4. Instead of doing so, he filed a letter attempting to further explain his claims. ECF 7. Even if the letter could be construed as an amendment to his original complaint,[1] the case would still need to be dismissed.

Martin's complaint alleges Magistrate Judge Aric J. Rutkowski and Prosecutor Sarah B. Troyer were "involved in an improper sexual affair from May of 2022 through

---

[1] The letter is not signed in accordance with Federal Rule of Civil Procedure 11, nor is it procedurally proper under this court's local rules. *See* N.D. Ind. L.R. 15-1 (amended pleading should "reproduce the entire pleading as amended"); N.D. Ind. L.R. 7-6 ("court may require parties representing themselves to use clerk-supplied forms").

May of 2025." ECF 1 at 2. His criminal case was pending before the court during that time. He claims Director Machowiak found out about the affair and investigated it. He states, "Due to the illicit activity a conspiracy was entered into and plans made, then executed, to remove my person from society by means of a criminal conviction, thus violating my Sixth and Fourteenth Amendment rights." *Id*. He provides zero additional details about the actions of the defendants, the underlying case itself (including the case number and whether his conviction has been overturned), or why he believes his constitutional rights were violated.

In my screening order, I explained that Martin's complaint suffers from multiple deficiencies. To begin, his allegations are simply too sparse to state a plausible claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)); *see also Beaman v. Freesmeyer*, 776 F.3d 500, 510–11 (7th Cir. 2015) (describing elements of conspiracy and noting that evidence of it "cannot be speculative").

Next, although Martin's allegations are too vague to determine his precise claims, I note there are limits on the types of violations 42 U.S.C. § 1983 covers and on the people or entities that may be sued. *See, e.g., Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021) (prosecutors are "absolutely immune" for activities associated with "core prosecutorial functions" even if they engaged in "unlawful rogue conduct"); *Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("defendants whom he sued are entitled to

2

immunity, having acted either as lawyers for the state or in a judicial capacity"); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction.").

Finally, even if Martin had some sort of plausible malicious prosecution or conspiracy type claim—a finding I do not reach—it would still be barred unless his conviction is no longer valid. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid); *see also Thompson v. Clark*, 596 U.S. 36, 44 (2022) (federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 require that the prosecution was terminated in favor of the accused) (citing *Heck*, 512 U.S. at 484-85).

Martin's current letter does nothing to remedy these problems. He again insists that Magistrate Judge Aric J. Rutkowski and Prosecutor Sarah B. Troyer were involved in an "inappropriate relationship" which violated his constitutional rights. ECF 7. Specifically, he claims he had a right to an "impartial decision maker" but that the relationship "created a situation where there was a conflict of interest and the impartial decisionmaker became biased." *Id*. He doesn't explain what Judge Rutkowski or the other defendants did, why any alleged actions/decisions weren't subject to immunity, how it affected Martin, or whether his current conviction has been reversed. Simply put, even after being given an opportunity to do so, Martin has failed to state any plausible claims. *See Swanson*, 614 F.3d at 403; *Beaman*, 776 F.3d at 510–11.

3

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: December 23, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT